WHITE, STEVENS & Co. v. THOS. M. TUCKER.

Where a factor's agent makes an advance to a planter expressly on behalf of his principal, the planter cannot plead in compensation of the factor's claim for advances an individual debt due him by the agent.

APPEAL from the District Court of St. Mary.

E. C. Brent, for plaintiffs and appellants.    J. G. Olivier, for defendant.

LEA, J. This is a suit to recover an alleged balance of an account growing out of transactions between the plaintiffs and the defendant.

The plaintiffs claim a balance of $2230 75, due them for advances, commissions and interest, after deducting the proceeds of sales made for defendant's account, as his factors; also, $78 61 for commissions on crops on which they had made advances, but which were not shipped to them as by agreement.

The answer is, substantially, a general denial of the allegations of the petition. The defendant denies that any advance was made by the plaintiffs or to any one for him, with his consent, or that he was under any obligations to send the crop of 1850 or 1851 to the plaintiffs; but he alleges that the plaintiffs owe him the sum of $5014 72, the proceeds of 95 hogsheads of sugar and 120 barrels of molasses, sold by the plaintiffs for account of respondent.

Inasmuch as the proceeds of the sugar and molasses are credited to the defendant in the plaintiffs' account, to the full extent claimed by him, it is only necessary to examine the correctness of the charges against him. These consist of an advance of $7000, with the difference of exchange thereon, and the interest as calculated in the account. At the time the advance was made, McMain, who was the agent of the plaintiffs, was indebted to the defendant; but it appears from the testimony of both McMain and Vose that the advance of $7000 was made by McMain for the account of White, Stevens & Co., and as their agent, and was also made as an advance upon the defendant's growing crop. It appears, further, that when the account of sales was presented to the defendant, he admitted its correctness, with the exception of a trifling charge for insurance, which is otherwise sufficiently proved.

The whole difficulty seems to grow out of the fact that at the time the advance was made, McMain was indebted on his individual account to the defendant; but if the positive testimony of both McMain and Vose is to be believed, (and no attempt has been made to discredit them, nor has any allegation of fraud been made,) it is clear that defendant perfectly understood that the advance made to him was made by McMain in his capacity as agent of the plaintiffs, and for their account. If so, the balance cannot be compensated by the debt (if any) due to the defendant by McMain.

A majority of the court are of the opinion that the evidence is insufficient to support the claim for commissions charged on the crop which the defendant failed to ship them as stipulated in his alleged agreement.

It is ordered that the judgment appealed from be amended, so as to read as follows: It is ordered that the plaintiffs, White, Stevens & Co., do have and recover of the defendant, Thomas M. Tucker, the sum of $2230 75, with inter-

est thereon at the rate of 5 per cent. per annum from the 1st day of November, 1850, till paid, and that the defendant, *Thomas M. Tucker*, pay the costs in both courts.